# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDRE RENE LEVESQUE,<br><br>Plaintiff,<br><br>v.<br><br>CLINTON COUNTY JAIL., et al.,<br><br>Defendants. | Civil Action No. 22-cv-10866-DLC<br><br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE TRANSFERRED** |

**CABELL, Magistrate Judge**

By Order dated May 31, 2022, this action was transferred from the United States District Court for the Northern District of New York to this district because the pro se plaintiff, Andre Levesque, intended to file his complaint in the District of Massachusetts. See 05/31/22 Transfer Order, ECF No. 9. Levesque initially attempted to file his compliant in the District of Massachusetts, and it was sent to the Northern District of New York for filing. Id. At the time Leveque initiated this action, he was incarcerated at the Clinton County Jail[1] in New York. Id. Levesque's claims arise from events that are alleged to have occurred while he was incarcerated in the Clinton County Jail, which is located in New York. Id. After advising Levesque that venue appears improper in the District of Massachusetts and providing him an opportunity to object to transfer, the action was transferred from the Northern District of New York to the District of Massachusetts. Id. In transferring the case, the court made no ruling on the issue of

---

[1] Plaintiff is now incarcerated at the Auburn Correctional Facility in Auburn, New York. An online search of the VINE inmate locator system indicates that plaintiff is presently incarcerated at the Auburn Correctional Facility in Auburn, New York. See https://vinelink.vineapps.com/search/persons;limit=20;offset=0;showPhotos=false;isPartialSearch=true;siteRefId=NYSWVINE;personFirstName=Andre;personLastName=Levesque;stateServed=NY (last visited Dec. 16, 2022). The Clerk will be directed to update his address on the docket.

venue, the sufficiency of Levesque's complaint or the merits of Levesque's motion for leave to proceed *in forma pauperis*. Id.  This action was randomly assigned to the undersigned Magistrate Judge pursuant to the District Court's Program for Random Assignment of Civil Cases to Magistrate Judges.  ECF No. 11.

After reviewing plaintiff's complaint and the transfer order, the court concludes that venue for this action does not lie within the District of Massachusetts.  The federal venue statute provides three bases for venue. See 28 U.S.C. § 1391(b).  First, venue is appropriate in a district in which the defendant resides.  28 U.S.C. § 1391(b)(1).  Second, venue is appropriate in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Id. § 1391(b)(2).  Finally, if there is no other district in which the case can be brought, it can be brought in any judicial district in which the defendant is subject to personal jurisdiction.  Id. § 1391(b)(3).  Where venue in the filing district is found to be improper, the court "shall dismiss, or if it be in the interest of justice, transfer such a case" to a district in which venue properly lies.  28 U.S.C. § 1406(a).  The decision to transfer or dismiss an action under section 1406(a) is a matter within the discretion of this court.  See Torres v. Hospital San Cristobal, 831 F.Supp.2d 540, 543 (D.P.R. 2011).

The court recognizes that "there is a strong presumption in favor of plaintiff's choice of forum."  U.S. ex rel. Ondis v. City of Woonsocket, RI, 480 F. Supp. 2d 434, 436 (D. Mass. 2007) (citing Coady v. Ashcraft–Gerel, 223 F.3d 1, 11 (1st Cir. 2000)).  "Where the operative facts of the case have no material connection with this district, plaintiff's choice of forum carries less weight."  Id. (citing Goodman v. Schmalz, 80 F.R.D. 296, 302 (E.D.N.Y 1978)).  Here, there is no evidence that Levesque filed in this court in bad faith or that transfer will prejudice the

defendants.  However, because the alleged events occurred in New York and the defendants are all in New York, the court finds that the action should be transferred back to the Northern District of New York.  Before entering an order of transfer to the Northern District of New York, Levesque will be given an opportunity to respond.[2]

Accordingly,

1. Plaintiff is ORDERED TO SHOW CAUSE in writing no later than January 18, 2023, why this case should not be transferred to the United States District Court for the Northern District of New York.  Failure to timely reply will result in the transfer of this action to the Northern District of New York for further proceedings.

2. The Clerk shall update Levesque's address on the docket as follows:  Andre Rene Levesque, ID Number 22B22864, Auburn Correctional Facility, P.O. Box 618, Auburn, NY  13021.

So ordered.

        /s/ Donald L. Cabell  
        DONALD L. CABELL, U.S.M.J.

DATED:  December 16, 2022

---

[2] At this time, the court takes no action on the pending motion for leave to proceed *in forma pauperis* and notes that Levesque was found to have had accumulated "three strikes" under 28 U.S.C. § 1915(g) and is generally barred from proceeding *in forma pauperis* while he is a prisoner.  See Levesque v. Mid-Hudson Forensic Psychiatric Ctr., No. 21-CV-8446 (LTS), 2022 WL 769289, at *1 (S.D.N.Y., 2022) (citing Levesque v. United States Gov't, No. 9:12-CV-0796, ECF 8, at 4-5 (N.D.N.Y. July 30, 2012)).